IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) Case No. 1:20-cv-00186 |
| v. | ) |
| ESTATE OF PHIL COGGIN, | ) |
| WANDA WOODFORD, as an individual and | ) |
| as a personal representative of the ESTATE OF | ) |
| PHIL COGGIN | ) |
|     Defendant. | ) |

**COMPLAINT FOR FEDERAL TAXES**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action to reduce to judgment the unpaid federal income tax liabilities of Phil R. Coggin, and to obtain a judgment against Wanda Woodford, individually, under 31 U.S.C. § 3713 and for fraudulently transferring the assets of the Estate of Phil Coggin before paying the United States' claim for income taxes at a time when the Estate was insolvent.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper in this Court pursuant 28 U.S.C. §§ 1391 and 1396.

**PARTIES**

3. Plaintiff is the United States of America.

4. The decedent, Phil W. Coggin, died on May 13, 2011, while living in Hertford County, North Carolina. His estate ("Estate of Phil Coggin") was opened in Hertford County and his daughter, Wanda Woodford, was appointed the executrix of his estate.

5. Defendant Wanda Woodford resides in Greensboro, North Carolina and still serves as the executrix of the Phil Coggin Estate.

## COUNT ONE: REDUCE ASSESSMENTS TO JUDGMENT

6. The United States incorporates by reference the allegations set forth in paragraphs 1 through 5 above.

7. A delegate of the Secretary of the Treasury made assessments against Phil R. Coggin for federal income taxes as follows:

| Period | Date of Assessment | Assessed Tax Amount |
|--------|--------------------|---------------------|
| 2003 | 3/1/2010 | $44,358 |
| 2004 | 3/1/2010 | $64,175 |
| 2005 | 3/1/2010 | $60,315 |
| 2006 | 3/1/2010 | $44,525 |
| 2007 | 10/4/2010 | $134,535 |
| 2008 | 10/11/2010 | $314,021 |
| 2009 | 11/15/2010 | $268,109 |
| 2010 | 3/19/2012 | $343,195 |
| 2011 | 5/7/2012 | $133,449 |

8. Notice and demand for payment of the assessments described in paragraph 7, above, were given to Phil R. Coggin and/or the Estate of Phil Coggin.

2

9. Despite receiving notice and demand for payment, Phil R. Coggin failed to pay the assessments and accrued statutory additions for penalties and interest and, as a result, the amount owed as of February 10, 2020 is $2,014,859.

## COUNT TWO: PERSONAL LIABILITY FOR DISTRIBUTIONS OF ESTATE PROPERTY UNDER 31 U.S.C. § 3713

10. The United States incorporates by reference the allegations set forth in paragraphs 1 through 9 above

11. At Phil Coggin's death in 2011, his fifty percent ownership share of the Agency became the property of the Estate of Phil Coggin, which is open in Probate Case No. 11 E 112, pending in Hertford County, North Carolina.

12. Wanda Woodford was appointed the Executrix of the Estate of Phil Coggin in July 2012.

13. On August 26, 2013, the Internal Revenue Service filed a Proof of Claim for $1,644,278.31 for the assessments above in Probate Case No. 11 E 112.

14. As the executrix of the Estate of Phil Coggin, Wanda Woodford transferred assets of the Estate – Phil Coggin's fifty percent stock ownership of the Phil Coggin Agency – to Alice Coggin.

15. At the time that Wanda Woodford transferred Phil Coggin's stock in the Phil Coggin Agency to Alice Coggin, the Estate of Phil Coggin was not enough to satisfy the Estate's debts.

16. The transfer of assets was made at a time when the estate, through its executrix Wanda Woodford, knew of Phil R. Coggin's unpaid federal income tax liabilities.

17. According to a business valuation of the Phil Coggin Agency prepared for Wanda Woodford by Randy Neal Blackburn, P.L.L.C, the value of Phil Coggin's stock in the Phil Coggin Agency was $439,125.

18. Wanda Woodford is liable under 31 U.S.C. § 3713 for the income taxes owed by the Estate of Phil Coggin to the extent of the value of assets transferred by her as the executrix of the estate.

## COUNT THREE: FRAUDULENT TRANSFER

19. The United States incorporates by reference the allegations set forth in paragraphs 1 through 18 above

20. On August 26, 2013, the Internal Revenue Service filed a Proof of Claim for $1,644,278.31 for the assessments above in Probate Case No. 11 E 112.

21. As of November 24, 2014, the disclosed inventory of the Estate of Phil Coggin, including the value of Phil Coggin's shares in the Agency, was valued at $414,700.

22. Therefore, at the time that Wanda Woodford transferred Phil Coggin's stock in the Phil Coggin Agency to Alice Coggin, the Estate was insolvent.

23. The transfer of Phil Coggin's stock in the Agency to Alice Coggin was made for less than fair consideration or was made for no consideration and was made subject to the existing federal tax liens on Phil Coggin's fifty-percent equity interest in the Agency.

24. In 2014, Alice Coggin transferred approximately 20% of the shares of the Agency to Wanda Woodford, Phil R. Coggin, Jr. and Sharon Cox for no consideration. She retained approximately 80% of the stock of the Agency.

25. In 2015, Alice Coggin, Wanda Woodford, Phil R. Coggin, Jr., and Sharon Cox made a series of transfers of stock of the Phil Coggin Agency between themselves, after which

Alice Coggin retained no equity intereEstatest in the Agency and Wanda Woodford, Phil R. Coggin, Jr. and Sharon Cox became equal owners of the Agency. On information and belief, these transfers were made for less than fair consideration or no consideration, and were made subject to the existing federal tax liens on Phil Coggin's fifty percent equity share of the Agency's stock.

26. At the time of Alice Coggin's transfers to Wanda Woodford, Phil R. Coggin, Jr. and Sharon Cox in 2014 and 2015, Alice Coggin knew that she owed more than $1 million to the Internal Revenue for her unpaid federal income tax liabilities for the 2002 through 2013 tax years.

27. At the time of Alice Coggin's transfers to Wanda Woodford, Phil R. Coggin, Jr. and Sharon Cox in 2014 and 2015, Alice Coggin was either insolvent or was made insolvent by the transfers.

28. In 2017, Phil R. Coggin, Jr. and Sharon Cox transferred their 66.67% equity ownership of the Phil Coggin Agency back to Alice Coggin for no consideration.

29. Wanda Woodford's fraudulent transfer of Phil Coggin's stock in the Phil Coggin Agency while acting as the executrix of the Estate of Phil Coggin deprived the Estate of its fifty percent equity ownership of the Phil Coggin Agency from 2014 through the present, and thereby deprived it of its share of the Phil Coggin Agency's distributions to its shareholders over the same period.

30. From 2014 through 2018, Wanda Woodford received at least $231,306.94 of distributions from the Phil Coggin Agency according to her ownership interest.

WHEREFORE, the United States prays that the Court:

A. As to Count 1, enter judgment in favor of the United States against the Estate of Phil Coggin in the amount of $2,014,859 as of February 10, 2020 for federal income tax, interest, and penalties, for the 2003 through 2011 tax years, together with interest and penalties that have accrued and will continue to accrue after that date;

B. As to Count 2, enter a judgment pursuant to 31 U.S.C. § 3713 in favor of the United States against Wanda Woodford, individually, in the amount of $439,125 for the transfer of the assets of the Estate of Phil Coggin to Alice Coggin;

C. As to Count 3, enter a judgment in favor of the United States and against Wanda Woodford individually in the amount the $231,306.94 for distributions made to her by the Phil Coggin Agency from 2014 through 2018 on account of her fraudulent transfer of its stock while acting as the executrix of the Estate of Phil Coggin;

D. Award the United States such other and further relief, including the costs of this action, that the Court deems just and proper.

Dated: February 25, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Ryan O. McMonagle*
RYAN O. MCMONAGLE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-307-1355 (v)
202-514-6866 (f)
Ryan.McMonagle@usdoj.gov

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

### DEFENDANTS
Estate of Phil Coggin, Wanda Woodford

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hertford
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ryan O. McMonagle
United States Dept. of Justice - Tax Division
P.O. Box 227, Washington, DC 20044 (202) 307-1355

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 7402, 7403; 31 U.S.C. §§ 3713

Brief description of cause:
Reduce to judgment federal income tax assessments; breach of fiduciary duty by executrix of taxpayer's estate

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 2,685,291.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Catherine C. Eagles
DOCKET NUMBER: 1:16-cv-00106

DATE: 02/25/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Ryan O. McMonagle

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** Nature of Suit.  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.